

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 00-218 |
| BRYAN ESTES | * | SECTION: "F" (3) |

<u>SENTENCING MEMORANDUM</u>

On December 13, 2004, the government filed a Rule to Show Cause why Bryan Estes' supervised release should not be revoked in light of his new conviction. This memorandum is filed in support of his request that any federal sentence arising out of the revocation of his supervised release run concurrently with the thirty month state sentence imposed today, January 10, 2005, as the state conviction forms the basis of the revocation. As evidence by today's state court minute entry, the judge intended that the thirty month sentence run concurrently with the six month marijuana sentence and any revocations. (See attachments 1 and 2.)

**I.**
**This Court has discretion to determine whether Mr. Estes' Federal sentence should run concurrently with his state sentence.**

On September 8, 2004, Mr. Estes pled guilty to misdemeanor possession of marijuana and felony possession of crack cocaine in

Orleans Parish Criminal District Court. While it is uncontested that Mr. Estes received a new conviction as a result of his drug usage while he was on supervised release, there is no statutory language mandating that he serve a consecutive term of imprisonment as a result of the revocation of supervised release. Title 18 United States Code § 3583(e)(3) provides that, "the court may, after considering the factors set forth in § 3553 (a)(1), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(7) – revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release." The court is given broad discretion in determining the term of imprisonment that the defendant will serve as a result of the revocation of his supervised release. Additionally, the statutory language of Title 18 United States Code § 3583(e) does not require the court, after revoking a defendant's supervised release, to impose a consecutive federal sentence when the defendant is currently serving a state sentence for the offense that gave rise to the supervised release revocation, as is the case here.

The United States Sentencing Guidelines provide that district courts, after revoking a defendant's supervised release, are not required to impose a consecutive federal sentence when the defendant is currently serving a state sentence. U.S.S.G. §5G1.3(c) specifically states that, "In any other case involving an undischarged term of imprisonment, the sentence for

the instant offense **may** be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to **achieve a reasonable punishment** for the instant offense." (Emphasis added.) Comment 3(C) to U.S.S.G. §5G1.3(c) provides that Subsection (c) applies in cases in which the defendant was on federal supervised release at the time of the state offense and has had such supervised release revoked as a result of the state offense. Thus, under U.S.S.G. §5G1.3(c) courts are given the discretion to impose a concurrent sentence to achieve a reasonable punishment.

The position taken by the sentencing guidelines represents a departure from the United States Fifth Circuit Court of Appeals jurisprudence with respect to a district court's discretion to impose a concurrent sentence. Prior to November 1, 2003, the Fifth Circuit had held that, "if the defendant committed the offense while on probation and his probation has been revoked, the sentence should be imposed consecutively." **United States v. Alexander**, 100 F.3d 24, 27 (5th Cir. 1996). The holding in **Alexander** was in agreement with the holdings of the First, Eighth and Ninth Circuits, but was contrary to the holdings of the Second, Third, and Tenth Circuits, which held that it was within the district courts discretion to impose a concurrent sentence. **United States v. Huff**, 370 F.3d 454, 464 (2004). However, on November 1, 2003 the Sentencing commission adopted amendment 660,

which followed the discretionary concurrent holdings of the Second, Third and Tenth Circuits and adopted Comment 3(C). **Id.** at 464-65. Thus, Amendment 660, "is directly inconsistent with the law clearly established in this circuit by **Alexander**," and district courts now have the discretion under the sentencing guidelines to determine whether the sentence should be concurrent. **Id.** at 467.

In the Dispostional Report prepared by the probation officer, reliance is placed on **United States v. Reyes-Lugo**, 238 F.3d 305 (5th Cir. 2001). That decision predates the effective date of Amendment 660, November 1, 2003.

## II.
**In the instant case, any federal sentence arising out of the revocation of Mr. Estes' supervised release should run concurrently with his state sentence to achieve a reasonable punishment.**

The court should consider imposing a concurrent sentence in the instant case because, as noted in the minute entry, Mr. Estes was multiple billed under LSA R.S. 15:529.1 which precludes his receiving good time. The result is that he must serve every day of the thirty month sentence.

4

**Conclusion**

In sum, the law has changed and now vests the Federal Courts with the discretion to impose a federal sentence consistent with the state court's intention that its 30 month sentence run concurrently with any and all other sentences. Thus, for the above mentioned reasons, Mr. Estes respectfully requests that any federal sentence arising out of the revocation of his supervised release run concurrently with the state sentence that he is currently serving.

Respectfully submitted this 10th day of January, 2005.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender

_____
VIRGINIA LAUGHLIN SCHLUETER
500 Poydras Street, Suite 318
Hale Boggs Federal Building
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
LSBA No. 11587

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Sentencing Memorandum has been served on John Murphy, Assistant United States Attorney, 500 Poydras Street, 2nd Floor, Hale Boggs Federal Building, New Orleans, Louisiana 70130 by hand-delivering same this 10TH day of January, 2005.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender

_____
VIRGINIA LAUGHLIN SCHLUETER
500 Poydras Street, Suite 318
Hale Boggs Federal Building
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
LSBA No. 11587

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**